# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY EDWARDS and ALAN HILDRETH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF STATE HOSPITALS- ) <br> COALINGA, ) <br> Defendants. ) <br> ) <br> ) <br> ) | Case No. 1:14-cv-1435-BAM <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND |

On September 13, 2014, Plaintiffs Larry Edwards and Alan Hildreth ("Plaintiffs"), proceeding *pro se*, filed an action against Defendant Department of State Hospitals - Coalinga ("Defendant" of "DSH") under Title VII of the Civil Rights Act of 1964 ("Title VII"). On October 29, 2014, Defendant filed a motion to dismiss and a motion to strike pursuant to Rule 12(b)(6) and Rule 12(f), respectively.[1] (Doc. 8.)[2] Plaintiffs filed an opposition to the motion on November 12, 2014 (Doc. 17), to which Defendant filed a reply on December 5, 2014. (Doc. 19.) On December 5, 2014, the Court deemed the matter suitable for decision without oral

---

[1] Defendant also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for Plaintiffs failure to exhaust their administrative remedies, however the Court does not reach this argument. *See Taylor v. Blank*, 2014 U.S. Dist. LEXIS 54290, 2014 WL 1577313, *4 (E.D. Cal. 2014) (failure to exhaust administrative remedies is not the appropriate subject of a motion to dismiss pursuant to Rule 12(b)(1)).

[2] On November 12, 2014, pursuant to 28 U.S.C. § 636(c)(1), the parties consented to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. Accordingly, on November 12, 2014, the case was reassigned to Magistrate Judge Barbara A. McAuliffe for all purposes. (Doc. 16).

argument and vacated the hearing scheduled for December 12, 2014. (Doc. 20.) Having considered the moving, opposition, reply papers, and the entire file, Defendant's Motions are GRANTED and Plaintiffs will have leave to amend their Complaint.

## BACKGROUND

Plaintiffs bring suit alleging "ongoing continued racial discrimination" due to Defendant's display of racially offensive photographs at the "Department of Police Services." Compl. at pg. 1. Plaintiffs assert four causes of action in connection with their employment at the Department of State Hospitals in Coalinga: (1) discrimination based on race under Title VII; (2) harassment/hostile work environment;[3] (3) gross negligence; and (4) "intentional emotional distress." Compl. at pg. 1.

The facts alleged by Plaintiffs comprise of a short one-paragraph narrative as follows:

> Located inside the department of Police Services is a case displaying photographs with Lieutenants, Acting Lieutenants, Sergeants, Acting Sergeants and officers. In these photographs, the above mentioned individuals are wearing an Afro and Dashiki mocking the proud heritage of the African-American culture. These photographs are still being displayed to date.

Compl. at pg 2.

Defendant brings its Motion to Dismiss on two grounds: lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 9 at 2).

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see Fed.R.Civ.P. 12(b)(6). A dismissal for failure to state a claim is brought under Federal Rule of Civil Procedure Rule

---

[3] The terms "hostile work environment" and "harassment" are used interchangeably for the purposes of Title VII in that the elements of a claim under either label are the same. *Jones v. Lehigh Southwest Cement Co.*, 2012 U.S. Dist. LEXIS 168284 *15 (E.D. Cal. Nov. 27, 2012).

12(b)(6) and may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

When the court reviews a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

**A.      Plaintiffs' allegations fail to comply with Federal Rule of Civil Procedure 8**

Before addressing the merits of Defendant's Motion to Dismiss, the Court has reviewed Plaintiffs' complaint and finds that Plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 8. Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d) further provides that "[e]ach allegation must be simple, concise, and direct." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Although the Court must construe a *pro se* plaintiff's complaint liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

1  Here, Plaintiffs' allegations fail to set forth a minimum factual and legal basis for each
2  claim sufficient to provide defendant fair notice of the factual basis for each claim, the legal
3  basis for each claim, or the specific claims Plaintiffs are purporting to raise against the
4  defendant.  Plaintiffs list a series of allegations including "discrimination, harassment, hostile
5  work environment, and intentional emotional distress" based on the display of insulting
6  photographs, but Plaintiffs' complaint lacks sufficient factual detail. Compl. at pg. 1.   Instead,
7  Plaintiffs must set forth facts to support each claim.  For example, Plaintiffs must allege the facts
8  and details surrounding the photographs, and any resulting harm from the display of the
9  offensive photographs.  Further, Plaintiffs must allege their relationship to DSH and whether
10 they are members of a protected class. While *pro se* complaints should be construed liberally,
11 Plaintiffs' complaint currently does not provide the opposing party with the required opportunity
12 to adequately respond. In order for Plaintiffs to state a sufficient claim for relief they must state
13 the legal basis for relief and then set forth in plain language a brief description of facts, that if
14 true, would prove that specific claim.  This process of (1) stating the legal basis for relief, (2)
15 determining what elements are required to state the claim, and then (3) briefly setting forth the
16 actual facts that prove those elements must be repeated for each claim Plaintiffs wish to make.

Plaintiffs' failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint.  *See McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 673 (9th Cir. 1981).  However, in the discussion that follows, the Court will briefly describe the elements of claims for discrimination and harassment under Title VII, and will briefly discuss why Plaintiffs' Complaint fails to state any cognizable claims.

**B.        Title VII Claims**

    **1.  Racial Discrimination**

Defendant argues that Plaintiffs fail to state a claim for racial discrimination.  To establish a prima facie case of employment discrimination under Title VII, a Plaintiff must prove that he (1) belongs to a protected class, (2) performed his job in a satisfactory manner, (3) was subject to an adverse employment action, and (4) similarly-situated individuals outside his

protected class were treated more favorably. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Though heightened pleading standards are not mandated in Title VII cases, Plaintiffs must plead sufficient facts to state the elements of a prima facie case of discrimination. *Riverside Healthcare System, LP*, 534 F.3d at 1122.

Here, Plaintiffs' Complaint is devoid of allegations as to any of these elements. Plaintiffs do not allege that they are members of a protected class nor do they allege any employment related action. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' racial discrimination claim. Plaintiffs however will be granted leave to amend to file a first amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). In the First Amended Complaint, Plaintiffs MUST state the specific factual conduct that supports Plaintiffs' right to relief on a Title VII racial discrimination claim.

**2. Harassment/Hostile Work Environment**

Defendant also moves to dismiss as insufficiently plead Plaintiffs' harassment/hostile work environment claim. (Doc. 9 at 3). Specifically, Defendant argues that Plaintiffs fail to allege with specificity an adverse employment action. Plaintiffs respond that "the pictures themselves show not only the racial aspect of discrimination, but also harassment." (Doc. 17 at 1).

In order to state a claim for workplace harassment or hostile work environment, a plaintiff must allege facts indicating that (1) the plaintiff "was 'subjected to verbal or physical conduct' because of his race, (2) 'the conduct was unwelcome,' and (3) 'the conduct was sufficiently severe or pervasive to alter the conditions of [the Plaintiff's] employment and create and abusive work environment.'" *Manatt v. Bank of Am.*, 339 F.3d 792 (9th Cir. 2003) (reciting elements for a hostile work environment claim). While Title VII "affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult," it is not "a general civility code." *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65 (U.S. 1986). Indeed,

the alleged conduct must be so extreme that it effectively changes the terms and conditions of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Plaintiffs have pled facts sufficient to satisfy only the second element of a hostile work environment claim—that the conduct was unwelcome. However, Plaintiffs do not allege any of the other elements to satisfy a hostile work environment claim. For instance, the photographs' display of cultural appropriation—or the exploitation of elements of one culture by members of a different cultural group—while likely insulting, is not alleged to have been so pervasive or numerous to constitute an abusive work environment. Indeed, the complaint contains only vague and conclusory allegations such that Plaintiffs were "aggrieved by the Defendant's display of racially discriminating degrading photographs" resulting in "harassment" and a "hostile work environment." Compl. at pg. 1. Even if taken as true, these allegations are too vague and conclusory to give the Defendant fair notice of the nature of Plaintiffs' claim. *See Riverside Healthcare Sys.*, 534 F.3d at 1122 (dismissing plaintiff's claim because plaintiff did not "allege sufficient facts to state the elements of a hostile work environment claim" and thus failed to give the defendant fair notice). Plaintiffs are given leave to amend their hostile work environment claim.

**C.      Plaintiffs' Remaining State Law Claims**

The Court declines to address the state law claims of gross negligence and "intentional emotional distress" until Plaintiffs state a federal claim. As this Court's jurisdiction is based upon federal question jurisdiction under 28 U.S.C. §1331, the Court informs the parties that, in the absence of a viable federal claim, it will likely decline to exercise supplemental jurisdiction over the state law claims.

**D.      Leave to Amend the Complaint**

Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). This "policy is 'to be applied with extreme liberality."

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). As the allegations are such that amendment may permit Plaintiffs to state sufficient plausible claims, the Court grants leave to amend all claims.

E.    **Motion to Strike Plaintiff's Prayer for Relief**

Last, Defendant argues that Plaintiff's request for "$2.5 million dollars" for compensatory damages should be stricken under Rule 12(f). Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).

Title VII precludes damage awards against the Government over $300,000.00. *See* 42 U.S.C. § 1981a(b)(3) (Title VII).  Title 42 U.S.C. § 1981a(b)(3) states:

> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party --
> . . . .
>
> (D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $ 300,000.

Accordingly, Defendant's Motion to Strike Plaintiffs' prayer for relief is GRANTED.

## **ORDER**

Therefore, for the reasons discussed above, it is HEREBY ORDERED that:

1. Defendant's Motion to Dismiss Plaintiffs' Complaint is GRANTED;

2. Defendant's Motion to Strike Plaintiffs' Prayer for Relief is GRANTED;

3. Plaintiffs' racial discrimination and harassment/hostile work environment claims are DISMISSED with leave to amend;

4. Plaintiffs' state law claims for gross negligence and "intentional emotional distress" are DISMISSED with leave to amend;

5. Plaintiffs shall file an amended complaint within thirty (30) days of the date of entry of this Order;

6. Failure to comply with this Order may result in dismissal of Plaintiffs' case.

IT IS SO ORDERED.

Dated: **December 19, 2014**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE