# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY EDWARDS and ALAN HILDRETH, ) | Case No. 1:14-cv-1435-BAM |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANT'S |
| ) | MOTION TO DISMISS WITH LEAVE TO |
| v. ) | AMEND |
| ) | |
| DEPARTMENT OF STATE HOSPITALS- ) | |
| COALINGA, ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

Plaintiffs Larry Edwards and Alan Hildreth ("Plaintiffs"), proceeding *pro se*, bring this action against their employer Defendant Department of State Hospitals - Coalinga ("Defendant" or "DSH") under Title VII of the Civil Rights Act of 1964 ("Title VII").[1] On October 29, 2014, Defendant filed an initial motion to dismiss all causes of action for failure to state a claim, which the Court granted with leave to amend. (Doc. 21). On January 14, 2015, Plaintiffs filed a First Amended Complaint ("FAC"). (Doc. 22). The FAC, which is the operative pleading before the Court, alleges a single cause of action for "racial discrimination." FAC at pg. 1.

The parties are presently before the Court on Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6). (Doc. 23). Plaintiffs filed an opposition to the motion on February 9, 2015. (Doc. 26). On March 4, 2015, the Court deemed the matter

---

[1] On November 12, 2014, pursuant to 28 U.S.C. § 636(c)(1), the parties consented to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. Accordingly, on November 12, 2014, the case was reassigned to Magistrate Judge Barbara A. McAuliffe for all purposes. (Doc. 16).

1

suitable for decision without oral argument and vacated the hearing scheduled for March 13, 2015.  (Doc. 27).  Having considered the moving, opposition papers, and the entire file, Defendant's Motion is GRANTED and Plaintiffs will be granted leave to amend their Complaint.

## BACKGROUND

Plaintiffs' FAC alleges "intentional racial discrimination and reckless acts of discrimination" based on Defendant's display of racially "degrading photographs" in a "display case" located at the "Department of Police Services." FAC at pg. 1.

The facts alleged by Plaintiffs comprise a short one-paragraph narrative as follows:

> Located inside the department of Police Services is a case displaying photographs with Lieutenants, Acting Lieutenants, Sergeants, Acting Sergeants and officers. In these photographs, the above mentioned individuals are wearing an Afro and Dashiki mocking the proud heritage of the African-American culture.  Displaying intentional discrimination and the reckless act of discrimination in a department which only has ten or less African-Americans.

FAC at pg 2.

Defendant moves to dismiss Plaintiffs' FAC for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 24 at 3).

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the legal sufficiency of a claim presented in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Where there is a "lack of a cognizable legal theory" or an "absence of sufficient facts alleged under a cognizable legal theory," dismissal under Rule 12(b)(6) is proper. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Naked assertions accompanied by "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A complaint] must contain sufficient allegations of underlying facts to give fair notice . . . [to] the opposing party . . . [and] must plausibly suggest an entitlement to relief").

In deciding a motion to dismiss under Rule 12(b)(6), the court accepts the factual allegations of the complaint as true and construes the pleadings in the light most favorable to the party opposing the motion. *Ass'n for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). However, the court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is the court required to accept as true allegations that are conclusory or the product of unwarranted deductions of fact. *Id.* Finally, if the court concludes that dismissal is warranted under Rule 12(b)(6), the dismissal should be with leave to amend unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).

## **ANALYSIS**

In their FAC, Plaintiffs bring a single claim for racial discrimination. Elaborating slightly on their original discrimination claim, Plaintiffs allege that displaying the racially degrading photographs was an "intentional" and "reckless act" in light of the presumably small number of African-Americans employed at the police department. FAC at pg. 2. Defendant argues that these allegations are insufficient to state a claim for racial discrimination.

As explained more fully below, the Court finds the FAC fails to state a claim upon which relief may be granted. Plaintiffs will be given leave to cure the deficiencies in their amended complaint. To assist Plaintiffs, the Court provides the relevant pleading and legal standards that appear applicable to their claims.

Title VII allows a plaintiff to sue an employer for discrimination on the basis of race,

color, religion, gender or national origin, but it limits liability to an employer. See 42 U.S.C. § 2000e(b). A Plaintiff asserting a disparate treatment discrimination claim under Title VII must allege facts that he: (1) belongs to a protected class, (2) performed his job in a satisfactory manner, (3) was subject to an adverse employment action, and (4) similarly-situated individuals outside his protected class were treated more favorably. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "An adverse employment action in the context of a Title VII discrimination claim is a materially adverse change in the terms or conditions of employment because of an employer's actions." *Nguyen v. Superior Court,* 2015 U.S. Dist. LEXIS 8083, *7 (N.D. Cal. Jan. 23, 2015). A materially adverse change must be more disruptive than a mere inconvenience or an alteration of job responsibilities. *Id.*

Plaintiff's racial discrimination claim fails to state a claim for several reasons. First, Plaintiffs again fail to allege that they are members of a specific protected class. While the facts of Plaintiffs' amended complaint suggest that they are African-American, the Court will not assume that Plaintiffs are members of any protected class without explicit factual allegations stating so in the complaint.

Second, Plaintiffs do not allege that they were terminated or suffered any other adverse employment action, because of their membership in a protected class. To state a claim based upon racial discrimination requires some act by the employer which causes a qualitative change in the terms or conditions of the employee's conditions of employment or some sort of real harm. *Fonseca v. Sysco Food Servs. of Ariz. Inc.,* 374 F.3d 840, 847 (9th Cir.2004) (an act that "materially affect[s] the compensation, terms, conditions, or privileges" of employment.) In their opposition to the Motion, Plaintiffs indicate that Plaintiff Alan Hildreth resigned from his position as a "Hospital State Police Officer at Department of State Hospitals – Coalinga, due to continuing racism, harassment and surveillance." (Doc. 26 at 4). However, the Court cannot conclude that the complaint states a claim based upon what Plaintiffs argue in their opposition. To state a claim for relief, Plaintiffs must allege facts which would constitute a basis of relief

within the body of the complaint. Plaintiffs fail to state in the body of the complaint what negative employment actions resulted from racial. Plaintiffs have also failed to plead that similarly situated employees not in their protected class were treated more favorably. Plaintiffs will be granted leave to amend to allege sufficient facts for each element of a claim for disparate (intentional) discrimination.

To the extent Plaintiffs are attempting to allege a hostile work environment, Plaintiffs must allege facts to support the elements of such a claim. To establish a prima facie case for a hostile work environment claim under Title VII, the plaintiff must show "(1) she was subjected to verbal or physical conduct because of her race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir.2003) (quoting *Kang v. U. Lim Am., Inc*., 296 F.3d 810, 817 (9th Cir.2002)) (internal quotation marks omitted). The "severe or pervasive" element has both objective and subjective components, and courts consider "not only the feelings of the actual victim, but also 'assume the perspective of the reasonable victim.' " *EEOC v. Prospect Airport Servs*., 621 F.3d 991, 998 (9th Cir.2010) (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th Cir.2000)). The "working environment must both subjectively and objectively be perceived as abusive." *Craig v. M & O Agencies, Inc*., 496 F.3d 1047, 1055 (9th Cir.2007) (quoting *Fuller v. City of Oakland,* 47 F.3d 1522, 1527 (9th Cir.1995)) (internal quotation mark omitted). "Objective hostility is determined by examining the totality of the circumstances and whether a reasonable person with the same characteristics as the victim would perceive the workplace as hostile." Id.

Plaintiffs' claim appears to rely on a single act by certain members of the Police Department without any resulting harm. This vague and conclusory allegation, as it currently stands, does not give rise to a plausible inference that the alleged discriminatory conduct was sufficiently severe or pervasive to alter the conditions of Plaintiffs' employment.

The Court also is unsure whether Plaintiffs are attempting to allege retaliation. To sufficiently allege a prima facie case of retaliation in violation of Title VII to survive a § 1915 screening, Plaintiff must allege: (1) that he or she committed a protected act, such as complaining about discriminatory practices; (2) that the employee suffered some sort of adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *See Jenkins v. Lab. Corp. Of Am.,* 2013 U.S. Dist. Lexis 118008, *5 (D.Nev. Aug. 20, 2013) (citing *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093–94 (9th Cir.2008)). If Plaintiffs are attempting to allege retaliation, Plaintiffs must allege sufficient facts for each element.

In sum, Plaintiffs have not stated a claim in their FAC for discrimination under Title VII. However, in light of the argument provided to the Court in Plaintiffs' opposition brief, the Court finds it prudent to grant Plaintiffs one final opportunity to amend their Title VII claim to address the defects outlined above. The Court therefore GRANTS Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), with leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). In the Second Amended Complaint, Plaintiffs must state the specific factual conduct that supports Plaintiffs' right to relief on a Title VII racial discrimination claim.

### CONCLUSION AND ORDER

Plaintiffs' First Amended Complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.

Plaintiffs will be given a final opportunity to amend the deficiencies of the complaint. Plaintiffs are advised that an amended complaint supercedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rules of the United States District Court, Eastern District of California, Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in

an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiffs fail to file a second amended complaint or fails to cure the deficiencies identified above, the Court will dismiss the complaint with prejudice.

Therefore, for the reasons discussed above, it is HEREBY ORDERED that:

1. Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint is GRANTED;

2. Plaintiffs' intentional racial discrimination claim is DISMISSED with leave to amend;

3. Plaintiffs shall file a Second Amended Complaint within thirty (30) days of the date of service of this Order;

4. Failure to comply with this Order may result in dismissal of Plaintiffs' case.

IT IS SO ORDERED.

Dated: **April 1, 2015**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE