# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY EDWARDS and ALAN HILDRETH,<br><br>        Plaintiffs,<br><br>  v.<br><br>DEPARTMENT OF STATE HOSPITALS-COALINGA,<br>        Defendant. | Case No. 1:14-cv-1435-BAM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE<br><br>(Docs. 30, 31) |

Plaintiffs Larry Edwards and Alan Hildreth ("Plaintiffs"), proceeding *pro se*, bring this action for monetary damages against their employer Defendant Department of State Hospitals - Coalinga ("Defendant").[1] Plaintiffs' Second Amended Complaint ("SAC") alleges a single claim for violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  The parties are presently before the Court on Defendant's Motion to Dismiss Plaintiffs' SAC pursuant to Rule 12(b)(6). (Doc. 30).  Plaintiffs filed an opposition to the motion on May 26, 2015.  (Doc. 33).  On June 8, 2015, the Court deemed the matter suitable for decision without oral argument and vacated the hearing scheduled for June 12, 2015.  (Doc. 34).  Having considered the moving, opposition papers, and the entire file, Defendant's Motion is GRANTED.

---

[1] On November 12, 2014, pursuant to 28 U.S.C. § 636(c)(1), the parties consented to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. Accordingly, on November 12, 2014, the case was reassigned to Magistrate Judge Barbara A. McAuliffe for all purposes. (Doc. 16).

# FACTUAL BACKGROUND

Plaintiffs' SAC alleges a single claim for "racial discrimination" "against African-Americans and Africans employed at the Department of State Hospitals-Coalinga." Plaintiffs allege Defendant displayed racially "degrading photographs" in a "moral display case" located at the "Department of Police Services." Plaintiffs' SAC ("SAC") at pg. 1.

The facts alleged by Plaintiffs are as follows:

> Located in the Department of Police Services on a wall inside the moral display case are Photographs with Lieutenants, Acting Lieutenants, Sergeants, Acting Sergeants and officers employed at Department of State Hospitals-Coalinga taken during an approved department fund raiser (At a public Golf Course) for the Hospital Police Services Officer Down Fund. In these Photographs, the above mention individuals are wearing a Dashiki and Afro Wig mocking and degrading the proud Heritage associated with the African-American and African culture. These degrading photos were allowed to be displayed by the Hospital Police Services Management, who has attended in the past and present discrimination training conducted by the Department of State Hospitals-Coalinga.
>
> The Hospital Police Services management should not have allowed the discriminatory photo's to be displayed in the Department of Hospital Police Services. No other race in the Department of Hospital Police Services have has their proud Heritage mocked and degraded with photographs posted inside the moral display case. Allowing these racially degrading photographs to be displayed has caused the Plaintiff's emotional distress. [all sic].

SAC at pg 2.

Defendant moves to dismiss Plaintiffs' SAC for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 31 at 3).

# LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the legal sufficiency of a claim presented in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Where there is a "lack of a cognizable legal theory" or an "absence of sufficient facts alleged under a cognizable legal theory," dismissal under Rule 12(b)(6) is proper. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556). Naked assertions accompanied by "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A complaint] must contain sufficient allegations of underlying facts to give fair notice . . . [to] the opposing party . . . [and] must plausibly suggest an entitlement to relief").

In deciding a motion to dismiss under Rule 12(b)(6), the court accepts the factual allegations of the complaint as true and construes the pleadings in the light most favorable to the party opposing the motion. *Ass'n for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). However, the court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is the court required to accept as true allegations that are conclusory or the product of unwarranted deductions of fact. *Id.* Finally, if the court concludes that dismissal is warranted under Rule 12(b)(6), the dismissal should be with leave to amend unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

Plaintiffs' SAC asserts a violation of Title VII on a theory of racial discrimination. Although largely similar to Plaintiffs' FAC, the SAC adds allegations that while Defendant knew or should have known that the photographs were offensive—based on previous racial sensitivity training—Defendant allowed the display of the photographs at the Department of Hospital Police Services. SAC at pg 2. Plaintiffs further allege that Defendants should have banned the photos as no other ethnic group had to endure the display of racially insensitive photographs. *Id.* In moving to dismiss, Defendant argues that these additional allegations are still insufficient to state

a claim for racial discrimination.

### 1. Racial Discrimination- Disparate Treatment

Although the Court recognizes Plaintiffs recent attempt to establish that certain individuals were treated more favorably, the deficiencies related to Plaintiffs' disparate treatment claim, noted in the First Amended Complaint, still remain. As the Court previously noted in its April 2 Order, "a Plaintiff asserting a disparate treatment discrimination claim under Title VII must prove that he (1) belongs to a protected class, (2) performed his job in a satisfactory manner, (3) was subject to an adverse employment action, and (4) similarly-situated individuals outside his protected class were treated more favorably." *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)); *Edwards v. Dep't of State Hosps.-Coalinga*, 2015 U.S. Dist. LEXIS 43856, *5 (E.D. Cal. Apr. 1, 2015). The Court's previous dismissal of Plaintiffs' racial discrimination claim focused primarily on Plaintiffs' failure to: (1) identify specific conduct by Defendant that could be understood as constituting an adverse employment action and (2) allege facts to that Plaintiff's belong to a protected class. Missing again from Plaintiffs' operative SAC is any allegation of an adverse employment action or membership in a protected class.

Plaintiffs' narrative complains that certain officers and officials participated in a fundraising event where individuals "mockingly" dressed in traditionally African-American or African clothing. SAC at pg. 2. Photographs were taken at the event and those pictures were displayed at the Department of Hospital Services. Plaintiffs, believing that the photographs were posted with a discriminatory intent, filed complaints with the EEOC and this suit followed. What Plaintiffs' narrative lacks is any indication that they faced employee action related to the photographs. "An adverse employment action in the context of a Title VII discrimination claim is a materially adverse change in the terms or conditions of employment because of an employer's actions." *Nguyen v. Superior Court,* 2015 U.S. Dist. LEXIS 8083, *7 (N.D. Cal. Jan. 23, 2015). A materially adverse change must be more disruptive than a mere inconvenience or an alteration of job responsibilities. *Id.* Title VII does not protect against all workplace

misconduct. Rather, it addresses only adverse employment actions taken by an employer because of the employee's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2. Thus, it is not enough that an employer simply single out an employee for mistreatment to cause that action to fall under Title VII. Lacking allegations which establish that Plaintiffs suffered actual interference with a condition or privilege of their employment, this Court concludes the complaint fails to state a claim for disparate treatment.

Second, Plaintiffs' racial discrimination claim also suffers because Plaintiffs fail to state whether they are members of a protected class. As noted in the April 2 Order, while the facts of Plaintiffs' amended complaint suggest that they are African or African-American, the Court cannot and does not assume that Plaintiffs are members of any protected class without explicit factual allegations stating so in the complaint.

For these reasons, the Court finds that Plaintiffs have failed to state a claim for relief for disparate treatment.

### 2. Hostile Work Environment

To the extent that Plaintiffs attempt to assert a hostile work environment based on the photo display, that claim also meets a similar fate. In its prior order, the Court provided the relevant standard to assert a claim for hostile work environment. To prevail on a claim for hostile work environment or harassment due to race, a plaintiff must allege facts to show (1) the plaintiff "'was subjected to verbal or physical conduct' because of his or her race, (2) 'the conduct was unwelcome,' and (3) 'the conduct was sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create and abusive work environment.' [Citation.]" *Manatt v. Bank of America*, 339 F.3d 792, 797 (9th Cir. 2003) (reciting elements for hostile work environment claim and quoting *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002));

Plaintiffs' hostile work environment claim fails for several reasons. First, as noted above, although Plaintiffs' claim that they were discriminated against on the basis of race or national origin, they do not identify their race or national origin. Second, the Court's April 2 Order

granted dismissal of Plaintiffs' claim on a hostile work environment theory of harassment because the complained-of conduct was not sufficiently severe as to constitute an alteration of the conditions of employment.  That problem again persists in Plaintiffs' SAC.

Precedent from this Circuit establishes that only severe or pervasive misconduct can give rise to a hostile work environment. This standard is not without some teeth. *See, e.g., Foster v. ScentAir Techs., Inc.*, No. 13-cv-05772-TEH, 2014 U.S. Dist. LEXIS 80532, at *10 (N.D. Cal. June 10, 2014) (noting that "occasional, isolated, sporadic, or trivial harassment" is not enough to give rise to a hostile work environment claim").  For example, the Ninth Circuit has held that "no reasonable jury could have found a hostile work environment despite allegations that the employer posted a racially offensive cartoon, made racially offensive slurs, targeted Latinos when enforcing rules, provided unsafe vehicles to Latinos, did not provide adequate police backup to Latino officers, and kept illegal personnel files on plaintiffs because they were Latino." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 643 (9th Cir. 2003). By contrast, the Ninth Circuit found an objectively hostile work environment where an employee experienced an "unrelenting barrage of verbal abuse" at least weekly and often several times a day. *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 872 (9th Cir. 2001).

In the instant case, the alleged misconduct concerns a single incident of employer posted racially offensive photographs.  While it is apparent that Plaintiffs were subjected to working conditions they felt were inappropriate, demeaning, or uncomfortable; even if proven, the facts alleged do not rise to the level of conduct that is so pervasive and severe as to change working conditions. Far from establishing a persistent barrage of verbal abuse, or even a single instance of severe offensive conduct, the record contains one isolated subjectively offensive incident.  At most, what the SAC alleges is that Plaintiffs were subject to fellow employees and supervisors who exercised poor judgment. Such conditions, while lamentable, cannot be challenged under Title VII. As noted, the Ninth Circuit has rejected hostile work environment claims as matter of law that are similar or even more extreme than the factual scenario Plaintiffs allege here.  *See Vasquez*, 349 F.3d at 643 (recognizing that no hostile work environment exists despite

allegations that the employer posted a racially offensive cartoon); *see also, e.g., Manatt*, 339 F.3d at 798 (finding that jokes using the phrase "China man," ridiculing for mispronunciation of names, and employees pulling their eyes back with their fingers to mock the appearance of Asians did not constitute a hostile work environment for a Chinese woman).

Based on this precedent, and considering all these alleged facts, the conduct Plaintiffs' endured in the workplace falls far short of the severe, pervasive harassment needed to support a hostile work environment claim.

### 3. Leave to Amend

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Here, even construing the facts in a liberal light most favorable to *pro se* Plaintiffs, there is no alleged factual basis to show that an "adverse employee action" was committed by Defendant to meet the disparate treatment discrimination standard. There is also no ambiguity that remains as to the severity of Plaintiffs' claims under a hostile work environment standard. Plaintiffs, upset about the racially charged photographs, allege a discriminatory work environment because of the existence of the offensive photographs. However, Ninth Circuit precedence dictates that the display of photographs, without more, is insufficient to meet the racial discrimination or hostile work environment standard. Despite being provided the relevant standards, Plaintiffs have been unable to state a claim. After three attempts, the Court must conclude that if facts were available to correct these deficiencies, those facts would have been asserted by this point. Accordingly, the Court concludes that further amendment will not cure the defects in Plaintiffs' claim and that leave to further amend is not appropriate. For these reasons, Plaintiffs' SAC shall be dismissed without leave to amend and the action is dismissed with prejudice.

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss is GRANTED;
2. Plaintiffs' Second Amended Complaint is DISMISSED in its entirety with prejudice.
3. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **August 7, 2015**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE